

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

NS:AAS
F. #2015R01871

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 19, 2017

By Hand and ECF

Honorable Raymond J. Dearie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Paul Cronin
      Criminal Docket No. 17-190 (RJD)

Dear Judge Dearie:

   The government respectfully submits this letter regarding sentencing in the above-referenced matter, currently scheduled for October 27, 2017 at 10:30 a.m. The defendant – formerly the Chief Financial Officer ("CFO") of the United States Council for Business Relations ("USCIB") – pleaded guilty, pursuant to a criminal information, to wire fraud (Count One) and making false statements in a personal tax return for the tax year 2013 (Count Two). The charges arise from the defendant's scheme to misappropriate more than $1 million in funds from USCIB and his failure to disclose this additional illicit income to the Internal Revenue Service ("IRS"). For the reasons articulated below, and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), a sentence within the range of 33 to 41 months' imprisonment is appropriate.

I. Background

   At all relevant times, the defendant was employed by USCIB, an independent business advocacy group founded in 1945 that promotes free trade and helps represent U.S. business interests in the United Nations. The defendant's positions with USCIB after he began working there in 2004 until his termination in 2016 included Director of Finance, CFO, and Executive Vice President. (Presentence Investigation Report ("PSR") ¶ 6). As a CFO and Executive Vice President, the defendant had authority to make payments using USCIB funds without additional approvals or oversight. (PSR ¶ 9).

   The investigation revealed that, beginning in or about 2009, the defendant misappropriated funds from USCIB for his personal use. He perpetrated this scheme to

defraud in several ways, specifically by: (1) using company funds to pay his personal credit card debts; (2) wiring company funds to bank accounts under his control or the control of companies he owned; (3) writing checks from USCIB to himself; (4) making purchases on USCIB credit cards for personal purposes; and (5) making payments with USCIB funds to companies he owned.  The defendant used these funds for personal purposes.  In order to conceal this illegal scheme, the defendant falsified entries in USCIB bookkeeping records.  (PSR ¶ 9).  The misappropriated funds total $1,347,259.26.  (PSR ¶ 10).

   The defendant did not report the misappropriated funds as income in his personal income tax forms for the tax years 2013, 2014, and 2015.  In particular, IRS records reveal that the defendant failed to report $339,854 for tax year 2013, $178,558 for tax year 2014, and $300,744 for tax year 2015.  The total of $819,156 in unreported income resulted in a tax loss to the government of $229,364.  (PSR ¶ 11).

   On or about April 26, 2016, members of law enforcement confronted the defendant at his residence in South Carolina concerning his misappropriation of funds from USCIB.  During this interview, the defendant denied that he had stolen money from USCIB.  Subsequently, the defendant began to negotiate with the government to reach a voluntary resolution to the instant investigation.  As part of the negotiation process, the defendant provided information to the government regarding potential illicit activities of others.  Though the government was able to corroborate some of this information, the government did not bring charges against additional persons.

   On May 3, 2017, the defendant pleaded guilty, pursuant to a criminal information, to wire fraud, in violation of 18 U.S.C. § 1343 (Count One), and making false statements in a personal income tax return for the tax year 2013, in violation of 26 U.S.C. § 7206(1) (Count Two).  (PSR ¶ 1).  The plea occurred before United States Magistrate Judge James Orenstein.  The defendant's plea agreement provides that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the government will argue that a sentence within the range of 33 to 41 months' imprisonment is appropriate.  Additionally, the plea agreement provides that the parties agree to mandatory restitution of $1,347,259.26 to USCIB and of the tax loss to the federal government (subsequently calculated as $229,364).  Notably, the plea agreement does not call for the forfeiture of a specific sum of money or property.

   On September 21, 2017, the Probation Department disclosed the PSR.  The PSR calculates a total offense level of 22 as follows: (1) a base offense level of 7 under § 2B1.1; (2) a 16-level enhancement for loss exceeding $1,500,000 under § 2B1.1(b)(1)(I); (3) a 2-level enhancement for abuse of trust under § 3B1.3; and (4) a 3-level decrease for acceptance of responsibility.  The PSR contemplates a sentencing range of 41 to 51 months, based on a Criminal History Category of I.  (PSR ¶¶ 18-27, 60).  The government concurs with this calculation, but recommends a sentence within the range of 33 to 41 months' imprisonment, pursuant to the terms of the plea agreement.

II.  Discussion

    A.  The Nature and Circumstances of the Offenses and
        the History and Characteristics of the Defendant

The Guidelines account in part for the nature and circumstances of the instant offense – the repeated abuse of the defendant's position of trust to misappropriate more than $1.3 million in funds from a not-for-profit company. The Guidelines also account for the defendant's repeated lies to the IRS, which helped conceal the misappropriation of funds from detection by the government.

Notably, the Guidelines do not account for the defendant's efforts to conceal his fraudulent activity by falsifying bookkeeping records. On the other hand, the Guidelines do not account for the defendant's unsuccessful efforts to cooperate with the government. While the defendant should be lauded for providing information in the hope of leniency at sentencing, the government was unable to use this information to charge other individuals with criminal wrongdoing. Though the defendant's sentencing submission suggests that his criminal activity constituted aberrant conduct because of his addiction to alcohol or mental health issues, the PSR does not recommend a sentencing adjustment based on the defendant's alcohol addiction or mental health issues. See United States v. Cahill, 355 Fed. Appx. 563, 565-66 (2d Cir. 2009) (unpublished) (approving district court's denial of application downward adjustment for alcoholism or mental health issues where PSR did not recommend such adjustment). In any event, the agreed-upon below-Guidelines sentencing range of 33 to 41 months reflects a substantial downward adjustment for the defendant's attempted cooperation, as well as his various health issues. No further adjustment is warranted under the circumstances.

    B.  General Purposes of Sentencing

Title 18, United States Code, Section 3553(a) requires the sentencing court to consider the general purposes of sentencing, including: "the need for the sentence imposed- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." Gall v. United States, 128 S. Ct. 586, 597 n.6 (2007).

Here, a sentence within the agreed-upon range of 33 to 41 months is necessary to adequately reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence and provide just punishment for the offenses of conviction. It is hard to overstate the seriousness of the instant crimes of conviction, which involved the abuse of trust as a corporate officer to misappropriate more than $1.3 million in funds for personal use over a sustained period of time. Moreover, a serious sentence within the range of 33 to 41 months is necessary to promote respect for the law and afford adequate deterrence. As established above, through falsifying corporate records and false statements in his tax

3

returns, the defendant sought to conceal his criminal activity and, indeed, managed to avoid detection for several years.

III. Conclusion

For the foregoing reasons, the government respectfully requests that the Court impose a sentence within the range of 33 to 41 months' imprisonment.

Respectfully submitted,

BRIDGET M. ROHDE
Acting United States Attorney

By: /s/ Alexander A. Solomon
Alexander A. Solomon
Assistant U.S. Attorney
(718) 254-6074

cc: Scott Grubman, Esq. (via email)
Clerk of Court (RJD) (via ECF)

4